AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

Cnt. 1: 18 U.S.C. 1343 (wire fraud); Cnt. 2: 18
U.S.C. 1028A(a)(1) (agg. id theft); Cnt. 3: 18
U.S.C. 1029(a)(4) (poss. device-making equip.);
Cnt. 4: 18 U.S.C. 18 U.S.C. 1028(a)(4) (poss.
doc-making equip.) Cnt. 6: 18 USC 1028(a)(1)

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

Count 1: 20 yrs. imprisonment; $250,000 fine; 3 years s/r; $100
s/a; Count 2: two year man. min. consecutive; $250,000 fine; 1
year s/r; $100 s/a; Counts 3-4; 6: Fifteen yrs. imprisonment;
$250,000 fine; 3 years s/r; $100 s/a

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

United States Secret Service

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

**SHOW**
**DOCKET NO.**

☐ this prosecution relates to a
pending case involving this same
defendant

☑ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**MAGISTRATE**
**CASE NO.**

CR 3:08-70441

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Allison M. Danner

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED

DEFENDANT - U.S.

JASON VASSIL

JUL 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

## CR 08 0503 SI

### DEFENDANT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?
☐ Yes
☐ No
} If "Yes"
give date
filed

DATE OF
ARREST
▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶
TO U.S. CUSTODY
Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

Count 5: 18 U.S.C. 1029(a)(3) (poss. counterfeit access devices); Count 6: 18 USC 1028(a)(1) (production ID document); Count 7: 18 U.S.C. 1028A (aggravated ID theft)

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

Count 5: 10 yrs. imprisonment; $250,000 fine; 3 years s/r; $100 s/a; Count 6: Fifteen yrs. imprisonment; $250,000 fine; 3 years s/r; $100 s/a; Count 7: two year man. min. consecutive; $250,000 fine; 1 year s/r; $100 s/a;

—————— PROCEEDING ——————
Name of Complainant Agency, or Person (&Title, if any)

United States Secret Service

☑ person is awaiting trial in another Federal or State Court, give name of court
San Francisco Superior Court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    Allison M. Danner

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

—— DEFENDANT - U.S. ——
JUL 2 9 2008

JAMES LINVILLE

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

## CR 08    0503

SI

—————— DEFENDANT ——————

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☑ Awaiting trial on other charges   } ☐ Fed'l  ☑ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
☐ No

DATE OF ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

# United States District Court

FOR THE

## NORTHERN DISTRICT OF CALIFORNIA
## CRIMINAL DIVISION

*FILED*

VENUE: SAN FRANCISCO

*JUL 2 9 2008*

UNITED STATES OF AMERICA

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

V.

JASON VASSIL and
JAMES LINVILLE

**SI**

**CR 08**        **0503**

DEFENDANT.

# INDICTMENT

Title 18, U.S.C. § 1343 - Wire Fraud;
Title 18, U.S.C. § 1028A(a)(1) - Aggravated Identity Theft;
Title 18, U.S.C. § 1029(a)(4) - Possession of Device-Making Equipment;
Title 18, U.S.C. § 1028(a)(5) - Possession of Document-Making Equipment;
Title 18, 1029(a)(3) - Possession of More Than 15 Access Devices;
Title 18, 1028(a)(1) - Production of Identification Document;
Title 18, U.S.C. § 2 - Aiding and Abetting;
Title 18, U.S.C. §§ 1028 & 1029 - Identity Theft Forfeiture;
Title 18, U.S.C. § 981(a)(1) & Title 28 U.S.C. § 2461(c) - Criminal Forfeiture

A true bill.

_____
Foreman

Filed in open court this 29th day of
July, 2008

**Brenda Tolbert**
Clerk

Bail, $ _____

NO BAIL ARREST WARRANT
Vassil

**Maria Elena James**
**United States Magistrate Judge**

1 | JOSEPH P. RUSSONIELLO (CSBN 44332)
2 | United States Attorney



FILED

JUL 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA          **SI**

10                    SAN FRANCISCO DIVISION    **0503**
                      **CR 08**
11 | UNITED STATES OF AMERICA,            )  No.
                                          )
12 |         Plaintiff,                    )  VIOLATIONS: 18 U.S.C. § 1343 – Wire
                                          )  Fraud; 18 U.S.C. § 1028A(a)(1) –
13 |                                       )  Aggravated Identity Theft; 18 U.S.C. §
                                          )  1029(a)(4) – Possession of Device-Making
14 |         v.                            )  Equipment; 18 U.S.C. § 1028(a)(5) –
                                          )  Possession of Document-Making
15 |                                       )  Equipment; 18 U.S.C. § 1029(a)(3) –
    | JASON VASSIL, a/k/a "Wally," and     )  Possession of More Than 15 Access
16 | JAMES LINVILLE,                       )  Devices; 18 U.S.C. § 1028(a)(1) –
                                          )  Production of Identification Document; 18
17 |                                       )  U.S.C. § 2 – Aiding and Abetting; 18
    |         Defendants.                  )  U.S.C. §§ 1028 & 1029 – Identity Theft
18 |                                       )  Forfeiture; 18 U.S.C. § 981(a)(1) & 28
                                          )  U.S.C. § 2461(c) – Criminal Forfeiture
19 |                                       )
                                          )  SAN FRANCISCO VENUE
20 | _____)

21                         I N D I C T M E N T

22 | The Grand Jury charges:

23                         BACKGROUND

24 | At all times relevant to this Indictment:

25 |     1.      Mancini's Sleepworld was a company that sold furniture and mattresses

26 | through retail stores. Mancini's Sleepworld had approximately twenty-seven stores

27 | throughout the State of California. One of Mancini Sleepworld's retail stores was located

28 | on Van Ness Avenue in San Francisco, California.

INDICTMENT

1  2.  American General Financial Services was a company that provided retail
2  financing, including lines of credit, to individuals through merchants located across the
3  United States. American General Financial Services conducted business in forty-five
4  states in the United States, in Puerto Rico, and in the Virgin Islands. The headquarters for
5  American General Financial Services was located in Evansville, Indiana.

6  3.  A "line of credit" was an arrangement by which a bank or vendor extended
7  a specific amount of unsecured credit to an individual for a specific period of time.
8  Obtaining and using a line of credit allowed an individual to make a purchase without
9  having to pay immediately for that item in cash. The individual promised to repay at a
10  future date the amount of money borrowed against the line of credit and also promised to
11  pay an additional amount of money as compensation for the use of the credit.

12  4.  Customers of Mancini's Sleepworld could open a line of credit to buy
13  purchases after filling out a credit application. Once the individual filled out the credit
14  application, Mancini's Sleepworld submitted that information to American General
15  Financial Services. American General Financial Services then verified the identity of that
16  individual and reviewed the credit history of the person seeking credit to determine
17  whether that individual should receive a line of credit. If American General Financial
18  Services determined that the individual should receive the line of credit, then American
19  General Financial Services informed Mancini's Sleepworld, which allowed the individual
20  to use the line of credit to make purchases.

21  COUNT ONE    (18 U.S.C. § 1343 - Wire Fraud)

22  5.  The factual allegations in paragraphs 1 through 4 are re-alleged and
23  incorporated herein as if set forth in full.

24  SCHEME TO DEFRAUD

25  6.  Beginning on or about May 14, 2008 and continuing to on or about July 22,
26  2008, in the Northern District of California and elsewhere, the defendant

27  JASON VASSIL

28  did knowingly devise and intend to devise, and participated in, a material scheme and

INDICTMENT

-2-

1  artifice to defraud Mancini's Sleepworld and American General Financial Services as to a
2  material matter and to obtain money and property by means of material false and
3  fraudulent pretenses, representations, and promises, and by the concealment of material
4  facts, by falsely using the identity of "David A" and by failing to provide his true name to
5  open a line of credit from American General Financial Services and then using that line of
6  credit to obtain furniture from Mancini's Sleepworld without having to pay in cash.

7      7.      On or about May 14, 2008, the defendant JASON VASSIL
8  went to Mancini's Sleepworld on Van Ness Avenue in San Francisco and filled out an
9  application for a line of credit. As part of that application, the defendant JASON
10  VASSIL did show an employee of Mancini's Sleepworld a driver's license purportedly
11  issued by the State of California in the name of David A and provided a social security
12  number belonging to David A.

13                          THE USE OF THE WIRES

14      8.      On or about May 14, 2008, in the Northern District of California and
15  elsewhere, the defendant

16                          JASON VASSIL,

17  for the purpose of executing the aforementioned scheme and artifice to defraud, did
18  knowingly cause to be transmitted in interstate commerce, by means of a wire
19  communication, certain signs and signals, namely the application for the line of credit
20  falsely asserting that he was David A, which application was transmitted by facsimile on
21  or about May 14, 2008 from San Francisco, California to an office of American General
22  Financial Services located in Indiana.

23      9.      Based on the credit check done by American General Financial Services, on
24  or about May 14, 2008, American General Financial Services did furnish the defendant
25  JASON VASSIL with a line of credit for $10,000 in the name of David A.

26      All in violation of Title 18, United States Code, Section 1343.

27  COUNT TWO:      (18 U.S.C. § 1028A(a)(1)– Aggravated Identity Theft)

28      10.     The factual allegations in paragraphs 1 through 9, including the scheme to

INDICTMENT

-3-

1   defraud described therein, are re-alleged and incorporated herein as if set forth in full.

2         11.    On or about May 14, 2008, in the Northern District of California, the

3   defendant

4   JASON VASSIL

5   did knowingly possess and use, without lawful authority, a means of identification of

6   another person, namely, the (a) name, (b) social security number, and (c) California

7   driver's license number of David A, during and in relation to a felony violation of Title

8   18, United States Code, Section 1343, as alleged in Count One.

9       All in violation of Title 18, United States Code, Section 1028A(a)(1).

10   COUNT THREE:   (18 U.S.C. § 1029(a)(4) - Possession of Device-Making Equipment)

11         12.    On or about July 22, 2008, in the Northern District of California, the

12   defendant

13   JASON VASSIL,

14   knowingly and with an intent to defraud, did possess device-making equipment, namely

15   an embosser used to make fraudulent credit cards, without lawful authority, and affecting

16   interstate and foreign commerce, in violation of Title 18, United States Code, Section

17   1029(a)(4).

18   COUNT FOUR:    (18 U.S.C. § 1028(a)(5) - Possession of Document-Making
                  Implement)

19

20         13.    On or about July 22, 2008, in the Northern District of California, the

defendant

21

22   JASON VASSIL,

23   knowingly and with an intent to defraud and without lawful authority, did possess a

document-making implement, namely a computer disc containing the templates of the

24   driver's licenses issued by the State of California and the State of Florida, with the intent

25   that such document-making implement be used in the production of false identification

26   documents, and in and affecting interstate commerce, in violation of Title 18, United

27   States Code, Section 1028(a)(5).

28

INDICTMENT

-4-

1    COUNT FIVE:     (18 U.S.C. § 1029(a)(3) (Possession Fifteen or More Counterfeit
2                    Access Devices)

3        14.    On or about July 22, 2008, in the Northern District of California, the

4    defendant

5                                  JAMES LINVILLE

6    did knowingly and with an intent to defraud possess at least fifteen counterfeit credit

7    cards in the name of Philip W, knowing that such credit cards were counterfeit, and in and

8    affecting interstate and foreign commerce, in violation of Title 18, United States Code,

9    Section 1029(a)(3).

10   COUNT SIX:     (18 U.S.C. §§ 1028(a)(1) and 2 - Production of Identification
                    Document - Production of Driver's License - Aiding and Abetting)
11
         15.    Beginning on a date unknown to the Grand Jury and ending on a date no
12
     later than July 22, 2008, in the Northern District of California, the defendants
13
                              JASON VASSIL and
14                            JAMES LINVILLE

15   did knowingly and without lawful authority, and with an intent to defraud, produce a false

16   identification document, namely a document appearing to be a California driver's license

17   in the name of Philip W, and in and affecting interstate and foreign commerce, in

18   violation of Title 18, United States Code, Sections 1028(a)(1), 1028(b)(1)(A)(ii), and 2.

19   COUNT SEVEN:     (18 U.S.C. §§ 1028A(a)(1) – Aggravated Identity Theft)

20       16.    The factual allegations in paragraphs 14 and 15, including the fraudulent

21   possession of at least fifteen counterfeit access devices and the fraudulent production of a

22   California driver's license described therein, are re-alleged and incorporated herein as if

23   set forth in full.

24       17.    Beginning on a date unknown to the Grand Jury and ending on a date no

25   later than July 22, 2008, in the Northern District of California, the defendant

26                                 JAMES LINVILLE

27   did knowingly possess, without lawful authority, a means of identification of another

28   person, namely, the (a) name and (B) California driver's license number of Philip W,

INDICTMENT

-5-

1  during and in relation to felony violations of Title 18, United States Code, Sections

2  1029(a)(3) and 1028(a)(1), as alleged in Counts Five and Six.

3  All in violation of Title 18, United States Code, Section 1028A(a)(1).

4  FORFEITURE ALLEGATION:   (18 U.S.C. §§ 1028 and 1029)

5  18.    The allegations contained in Counts Three through Six of this Indictment

6  are re-alleged and incorporated herein.

7  19.    Upon conviction of one or more of the offenses alleged in Three through

8  Six of this Indictment, the defendants

9  
JASON VASSIL and<br/>JAMES LINVILLE

10  

11  shall forfeit to the United States, pursuant to Title 18, United States Code, Sections

12  1028(b)(5) and 1029(c)(1)(C), all personal property used or intended to be used to

commit, or facilitate the commission of said offenses, including but not limited to all

13  identification documents and document-making implements used in committing these

14  violations, pursuant to Title 21, United States Code, Section 853(p), as incorporated by

15  Title 18, United States Code, Sections 1028(b)(5) and 1029(c)(1)(C).

16  SECOND FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C)  and 28 U.S.C. §

17  2461(c))

18  20.    The allegations contained in Count One of this Indictment are re-alleged

19  and incorporated herein.

20  21.    Upon conviction of the offense alleged in Count One of this Indictment, the

21  defendant

22  
JASON VASSIL

23  shall forfeit to the United States, pursuant to Title 18, United States Code, Section

24  981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or

25  personal, which constitutes proceeds or is derived from proceeds traceable to the violation

26  alleged in Count One (wire fraud), including but not limited to the following property:

27  a.  $10,000 line of credit; and

28  

INDICTMENT

-6-

1    b.  furniture purchased from Mancini's Sleepworld.

2    If any of said property, as a result of any act or omission of the defendant —

3        a.      cannot be located upon the exercise of due diligence;

4        b.      has been transferred or sold to, or deposited with, a third person;

5        c.      has been placed beyond the jurisdiction of the Court;

6        d.      has been substantially diminished in value; or

7        e.      has been commingled with other property that cannot be divided without

8                difficulty;

9    any and all interest defendant has in other property shall be vested in the United States

10   and forfeited to the United States pursuant to Title 21, United States Code, Section

11   853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of

12   the Federal Rules of Criminal Procedure.

13   DATED:                              A TRUE BILL

14      7/29/08

15

16                                      _Mveperharsemnnl_

17                                      FOREPERSON

18   JOSEPH P. RUSSONIELLO
     United States Attorney

19

20

21   KYLE WALDINGER
     Deputy Chief, Major Crimes Division

22

23

24   (Approved as to form:

25              AUSA DANNER

26

27

28


INDICTMENT
                                    -7-